IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| BRENT SCHRECKENDGUST, | Cause No. 9:18-cv-00071-DLC-RWA |
|---|---|
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| PHILLIPS 66 COMPANY, | |
| Defendant. | |

UPON STIPULATION of the parties, by and through their respective counsel of record, the Court makes the following Order:

1. The parties may designate certain information produced by them in response to discovery requests, contained in oral testimony during depositions, or submitted as evidence at any hearing or trial as "Protected Material" subject to the restrictions of this Order and agreement between counsel. When information is designated as Protected Material, the designating party shall identify the basis for the designation. If a party disputes a designation of Protected Material, the dispute shall be resolved as a discovery dispute. To designate a document as Protected Material, the producing party must place, in an obvious and conspicuous manner,

the words "Protected Material" or "Confidential Record" on each page of each document intended to be designated.

2. Disclosure of Protected Material and any copies, extracts, summaries, or descriptions thereof is limited to the Court, the parties, the parties' counsel, necessary support personnel within the counsel's firm, witnesses, and the parties' experts.

3. Protected Material shall be used by the parties and their counsel, and by experts, solely for the purpose of participating in this action, including any appeal, and not for any other litigation or purpose. The force and effect of this Order continues to apply after conclusion of this action, and persons subject to this Order shall continue to be subject to the jurisdiction of this Court for purposes of enforcement.

4. In the event that the parties or their counsel or experts receive a subpoena from any person or entity requesting production of Protected Material, the party that has produced such Protected Material shall be notified in writing immediately upon service of the subpoena so it has full opportunity to oppose the production before production of Protected Material occurs.

5. This Order shall not limit any producing party's right or obligation to disclose Protected Material, nor shall any disclosure, inadvertent or otherwise, constitute any waiver of attorney-client privilege, or confidentiality under this Order.

6. Nothing in this Order limits the Court's authority to decide discovery disputes relating to the designation of Protected Material nor is it intended to limit the authority of any other Court in Montana in any other legal proceeding.

7. The Stipulated Protective Order does not preclude the use of Protected Material as evidence at trial if the evidence is otherwise found admissible by the Court.

DATED this 28th day of January, 2019.

/s/ Steven S. Carey
CAREY LAW FIRM, P.C.
225 West Broadway • P.O. Box 8659
Missoula, MT 59807-8659
Telephone: (406) 728-0011
--*Attorneys for Defendant*

/s/ Natasha Prinzing Jones
BOONE KARLBERG P.C.
201 West Main, Suite 300 • P.O. Box 9199
Missoula, MT 59807-9199
Telephone: (406) 543-6646
-- *Attorneys for Plaintiff*

DATED this 7th day of February, 2019.

HON. RICHARD W. ANDERSON
UNITED STATES MAGISTRATE JUDGE