## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| **BRENT SCHRECKENDGUST,** | |
| Plaintiff, | Cause No. CV **18-00071-DLC-RWA** |
| v. | |
| **PHILLIPS 66 COMPANY,** | |
| Defendant. | **ORDER** |

Pending in this case is Defendant Phillips 66 Company's ("Phillips 66") Motion for *In Camera* Review ("Motion") filed December 19, 2018, wherein Phillips 66 seeks an *in camera* review of the personnel files of several non-party individuals who are currently or were previously employed by Phillips 66. Phillips 66's Motion was not accompanied by a brief as required by Local Rule 7.1(d)(1)(A).[1] Phillips 66 argues in its skeletal Motion that an *in camera* review of the referenced personnel files is necessary to protect the privacy rights of non-party individuals. Phillips 66 also suggests in its Motion that the Court agreed off the record at an informal preliminary pretrial conference conducted in Chambers on August 27, 2018, to conduct the requested *in camera* review.

---

[1] Local Rule 7.1(d)(1)(A) provides that "[a] motion, if opposed, must be accompanied by a brief in support filed at the same time as the motion. . . Failure to timely file a brief will result in denial of the motion[.]" Similarly, Local Rul 26-4(a)(2) provides that "the motion for . . . *in camera* review and brief must be filed in the public record and must describe the nature of the documents or items in a manner that, without revealing information sought to be protected, enables an assessment of the propriety of a protective order[.]"

1

In response to Phillips 66's Motion, Plaintiff Brent Schreckendgust ("Schreckendgust") filed on January 4, 2019, a Motion to Compel Response to Plaintiff's First Discovery Requests ("Motion to Compel") seeking an order compelling Phillips 66 to fully respond to Interrogatories Nos. 9, 11, 12, and 19 and Requests for Production Nos. 11, 12, 18, 19, 22, 23, 24, 25, 26, 34, and 37. Schreckendgust also filed on that same date a combined "Response to Motion for *In Camera* Review and Brief in Support of His Motion to Compel Response to Plaintiff's First Discovery Requests." On January 18, 2019, Phillips 66 filed a Reply and a response to Schreckendgust's Motion to Compel.

As a threshold matter, the Court does not recall telling counsel for Phillips 66 and Schreckendgust that it would in fact conduct an *in camera* review of Phillips 66's personnel files, without Phillips 66 first following proper procedure to put the matter before the Court, and without any opportunity for Schreckendgust to oppose. The Court's recollection is that it suggested an *in camera* review as one possible means to resolve the discovery dispute between Schreckendgust and Phillips 66 regarding Phillips 66's personnel records. The Court, however, did not definitively state that it would review all of Phillips 66's personnel records or that either Phillips 66 or the Court could circumvent proper procedure. The Court agrees with Schreckendgust that informal conversations at the pretrial scheduling conference do not override the requirements of Rule 26(c) or Local Rule 26.4(a)(2), nor could they in this case.

In its Reply, Phillips 66 concedes that "Schreckendgust is entitled to 'relevant' information from the non-party personnel files[,]" but relying on *Ivins v. Corrections Corp. of America*, 291 F.R.D. 517 (D. Mont. 2013), argues that its current and former employees have a constitutional right of privacy in their personnel files." Phillips 66's reliance on *Ivins* is

2

misplaced. While recognizing the inherently private and potentially sensitive nature of personnel files, the court in *Ivins* held that "the Montana Supreme Court has clearly established that 'the privacy section of the Montana Constitution applies to state action only.' Thus, 'there is no constitutional issue as to disclosure of records between private parties[ ]' absent a claim of privilege protection over the information." *Id.* at 522-23 (citations omitted). The court in *Ivins* went on to grant the plaintiff's motion to compel, subject to the terms of a prior stipulation and protective order,[2] and reserved its ruling on three requests for production that were specifically identified in a privilege log pending an *in camera* review of the documents. *Id.* at 525.

Schreckendgust acknowledges in footnote 4 of his response to Phillip 66's Motion that he "is not seeking private, confidential information regarding the various employees that is not relevant to this suit and would be fine with substantial redactions to protect social security numbers, benefits elections, etc." Schreckendgust "only seeks disciplinary actions taken or the absence thereof to establish (1) what Phillips 66 knew about Binstock; and (2) what actions Binstock did not take in light of other employee misconduct." Phillips 66 says it has gathered the requested personnel files, but rather than first redacting what it deems the employees' private, confidential information, and then determining whether such redacted information may be relevant to this suit, followed by an appropriate privilege log, Phillips 66 wants this Court, on its own, and without further guidance, to sift through all such files in their entirety and then decide

---

[2] The stipulation and protective order in *Ivins*, 12-cv-00103-SEH-CSO, ECF No. 20, provided that any document marked "confidential" by the defendant could be disclosed only to certain identified people, could be used or disclosed only in connection with, or preparation for settlement negotiations, trial and other proceedings associated with that case, and that once the case was concluded, all copies, and any extracts, summaries, or descriptions of the information contained in the confidential material would be immediately destroyed.

whether any of the contents may be relevant, whether a privilege applies and whether it should be produced to Schreckendgust with or without some form of protective order. Until Phillips 66 provides what the rules require, its Motion is premature.[3]

This leaves remaining Schreckendgust's Motion to Compel. A motion to compel may be filed when a party disagrees with the objections interposed by the other party and wants to compel more complete answers. *See Moreno Rivera v. DHL Global Forwarding*, 272 F.R.D. 50 (D.P.R. 2011). The Court has wide discretion in controlling discovery. *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ). If no claim of privilege applies, the production of evidence can be compelled regarding any matter that is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Schreckendgust's Motion to Compel was filed in part in response to Phillips 66's refusal to produce personnel records pending an *in camera* review of such personnel records by this Court. As discussed earlier, that matter is not now properly before the Court. Based upon what has been presented to the Court so far, the personnel files are generally relevant to the claims at issue in this case, are not protected by a claim of privilege, and must be produced.

---

[3] The Court was going to suggest that Phillips 66 request protection of private and confidential matter such as the parties did in *Ivins*. In the interim the parties have entered into a Stipulated Protective Order. The Court will approve the Stipulated Protective Order by separate order and suggests that they now proceed pursuant to it.

Phillips 66, in response to Schreckendgust's Request for Production 34, responds that it will provide a supplemental response, that the production of the supplemental response can be handled through redaction, and that Phillips 66 is having a forensic evaluation done to see if there are additional emails that are responsive to the request for production. With regard to Request for Production 37, Phillips 66 states it was an exit interview that it is willing to present for an *in camera* review and will provide exit checklists for five employees pursuant to an agreed protective order. The matter regarding an in camera review of "McArthur's" exit interview is not before the Court. Phillips 66 can produce a redacted version of that exit interview and if issues continue to exist, the parties may then present the matter to the Court as the rules provide. As to Request for Production 25, Phillips 66 states it has provided the surveys that concern Binstock and that it is not possible to produce surveys completed by other employees who were employed at the Missoula Terminal. Phillips 66 states it is producing the other requested information. The Court finds that the Motion to Compel, at the time it was filed, was made for good cause and should be granted in its entirety.

Finally Schreckendgust requests an award of the reasonable expenses incurred in filing his Motion to Compel, including attorney's fees. Phillips 66, in its response to the Motion to Compel, wholly failed to address Schreckendgust's request for an award of expenses and attorney's fees. Because the Motion to Compel is, for good cause granted, and the Court finds that the exceptions set forth in subsections (i) through (iii) of Rule 37(a)(5)(A) are not applicable, the Court awards Schreckendgust his reasonable expenses, including his attorney's fees, incurred in filing and briefing the Motion to Compel. Because of possible misunderstanding on the part of Phillips 66's counsel resulting from the referenced conversations between the Court and

5

counsel at an informal preliminary pretrial conference, Schreckendgust's expenses incurred in resisting Phillips 66's Motion are not allowed.

In accordance with the above,

**IT IS ORDERED** that Phillips 66's Motion for *In Camera* Review filed December 19, 2018, is denied without prejudice.

**IT IS FURTHER ORDERED** that Schreckendgust's Motion to Compel Response to Plaintiff's First Discovery Requests filed January 4, 2019, is granted; and Phillips 66 shall fully respond to Schreckendgust's Interrogatories Nos. 9, 11, 12, and 19 and Requests for Production Nos. 11, 12, 18, 19, 22, 23, 24, 25, 26, 34, and 37.

Done and dated in Butte this ___ day of February, 2019.

RICHARD W. ANDERSON
UNITED STATES MAGISTRATE JUDGE